**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Featherway R. Johns, | ) | |
| | ) | |
| Plaintiff, | ) | FILED: MAY 13, 2008 |
| | ) | 08 cv 2772   JH |
| v. | ) No. | JUDGE DOW, JR. |
| | ) | MAGISTRATE JUDGE KEYS |
| Fitzgerald Law Firm, PC, a Georgia | ) | |
| professional corporation, | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Featherway R. Johns, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et seq.</u> ("FDCPA"), for a declaration that Defendant's debt collection practices violate the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.     Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

**PARTIES**

3.     Plaintiff, Featherway R. Johns ("Johns"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed to Hibernia National Bank.

4.     Defendant, The Fitzgerald Law Firm, PC ("Fitzgerald"), is a Georgia professional corporation which acts as a debt collector, as defined by § 1692a of the

FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois.  In fact, Fitzgerald was acting as a debt collector as to the debt it attempted to collect from Plaintiff.

## FACTUAL ALLEGATIONS

5.     On January 17, 2008, Defendant's debt collector, "Pat Bardge", called Ms. Johns and demanded that she pay an allegedly delinquent, 18-year-old student loan. The debt collector, Ms. Bardge, told Ms. Johns that since the debt was so old, Ms. Johns needed to pay the debt immediately.

6.     Ms. Johns told Ms. Bardge that she did not believe that she owed any money for any of her student loans, and that, due to the age of the debt, it would take Ms. Johns some time to investigate the matter.  The debt collector, Ms. Bardge, told Ms. Johns that the Defendant already had "court papers ready and would serve Ms. Johns with them" the following Tuesday, January 22, 2008, which would result in wage garnishment and income tax garnishment.  The debt collector, Ms. Bardge, also stated that if Ms. Johns did not want to be served with the lawsuit that Ms. Johns had to immediately give her a credit card number or a post-dated check.

7.     Defendant thereafter sent Ms. Johns an initial form collection letter, dated January 18, 2008, demanding that she pay the alleged account; this letter failed to indicate the name of the current creditor, and failed to inform Ms. Johns of the 30-day validation notice.  A copy of this letter is attached as Exhibit A.

8.      Ms. Johns thereafter investigated the matter, and determined that the records of the U.S. Department of Education and the National Student Loan Database show that the loan in question was paid in 1998 and that the current balance was $0.

9.      Via a letter dated, February 1, 2008, but post-marked February 5, 2008, and received on February 7, 2008, Defendant sent Ms. Johns a letter offering to settle the alleged debt.  The letter, however, stated that the settlement offer was only good until February 6, 2008!  A copy of this letter is attached as Exhibit B.

10.      Alarmed by Defendant's threats and conduct regarding the collection of the alleged debt at issue, Ms. Johns consulted an attorney.  On February 20, 2008, Ms. Johns' attorney faxed and mailed a letter to Defendant informing it that she was represented by counsel and that Defendant should cease contacting Ms. Johns. Moreover, the letter disputed the debt and demanded that Defendant provide proof that Ms. Johns owed the debt.  A copy of this letter is attached as Exhibit C.

11.      Nonetheless, on February 25, 2008, Defendant's, debt collector, Ms. Bardge, called Ms. Johns directly and left her a voice mail message that stated: "I need to hear back from you in regards to the legal matter that we have pending here in this office" regarding "case number 557607".  Defendant also called Ms. Johns on March 11, 2008 and May 9, 2008 but did not leave a message.

12.      Additionally, despite being advised that Ms. Johns was represented by an attorney and that she disputed the debt, on May 7, 2008, Defendant sent Ms. Johns yet another form collection letter, demanding that she pay the Hibernia National Bank debt. A copy of this letter is attached as Exhibit D.

13.     All of the collection actions at issue occurred within one year of the date of this Complaint.

14.     Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692e Of The FDCPA --**
**False Statements**

15.     Plaintiff adopts and realleges ¶¶ 1-14.

16.     Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt.  Defendant violated § 1692e of the FDCPA by making numerous false statements to Plaintiff, including, but not limited to:

a.     falsely stating that Defendant was going to file a lawsuit against Plaintiff if she did not immediately pay the debt;

b.     falsely stating that a debt that is no longer owed, or no longer collectible, was still owed;

c.     falsely stating that Defendant could garnish Plaintiff's wages and/or taxes when, in fact, Defendant had no present right to do so; and,

d.     making it appear as if a lawsuit was already pending by stating in its telephone call to Plaintiff that it was in regards to a "legal matter" and then stating an alleged "case number", when, in fact, no lawsuit had been, or likely would be, filed.

17.     Defendant's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys fees. See, 15 U.S.C. § 1692k

4

**COUNT II**
**Violation Of § 1692f Of The FDCPA --**
**Unfair Or Unconscionable Collection Actions**

18.     Plaintiff adopts and realleges ¶¶ 1-14.

19.     Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt.  Attempting to collect a debt that is disputed, and making it appear as though a lawsuit was imminent or already pending against Plaintiff, when, in fact, a lawsuit was neither imminent, nor ever likely, is unfair or unconscionable, in violation of § 1692f of the FDCPA.

20.     Defendant's violation of § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**COUNT III**
**Violation Of § 1692e Of The FDCPA –**
**False, Deceptive Or Misleading Settlement Offer**

21.     Plaintiff adopts and realleges ¶¶ 1-14.

22.     Section 1692e of the FDCPA prohibits Defendant Fitzgerald from making any false, deceptive or misleading statements.  Defendant Fitzgerald falsely stated in its form collection letter (Ex. B) that it was able to settle Plaintiff's account at a reduced rate, as long as payment was received by a specific date.  Defendant and its client, however, are virtually always ready to settle debts for 80% of the balance or less. Thus, Defendant Fitzgerald's collection letter violates § 1692e of the FDCPA.  See, Evory v. RJM Acquisitions Funding, LLC, 505 F.3d 769, 775-777 (7th Cir. 2007); Goswami v. American Collections Enterprise, Inc., 377 F.3d 488, 496 (5th Cir. 2004).

23.     Defendant Fitzgerald's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. (<u>See</u>, 15 U.S.C. § 1692(k).

### COUNT IV
### Violation Of § 1692g –
### Overshadowing The 30-Day Validation Notice

24.     Plaintiff adopts and realleges ¶¶ 1-14.

25.     Section 1692g of the FDCPA requires that, within 5 days of Defendant's first communication to a consumer, the Defendant provide the consumer with an effective validation notice, <u>i.e.</u>, notice that the consumer has 30 days after receipt of the notice to challenge the validity of the debt, or any portion of the debt, and seek verification of it.  Moreover, § 1692g(b) further prohibits any collection activity and/or communication during the 30-day period which overshadows, or is inconsistent with, the disclosure of the consumer's right to dispute the debt, <u>see</u>, 15 U.S.C. § 1692(b).

26.     Defendant's letter failed to advise Ms. John's of her right to dispute the validity of the debt and seek verification of same.  Moreover, even if Defendant's collection letter would have contained the 30-day validation notice, that notice would have been contradicted, or overshadowed, and thus rendered ineffective by Defendant's demands for immediate payment and threats of a lawsuit and wage and tax return garnishment.  These statements would confuse an unsophisticated consumer because they create a false sense of urgency as to whether a consumer must act immediately – well before expiration of the 30-day validation period, or whether they have the full 30 days to dispute the validity of the alleged debt.  Defendant has, therefore, violated § 1692g of the FDCPA.  <u>See</u>, <u>Bartlett v. Heibl</u>, 128 F.3d 497, 501 (7th

Cir. 1997); <u>Chauncey v. JDR Recovery Corp.</u>, 118 F.3d 516, 519 (7th Cir. 1997); and,

<u>Avila v. Rubin</u>, 84 F.3d 222, 226 (7th Cir. 1996).

27.    Additionally Defendant further violated § 1692g(b) by continuing to

demand payment of a disputed debt while failing to provide validation of same.

28.    Defendant's violation of § 1692g of the FDCPA renders it liable for actual

and statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

**COUNT V**
**Violation Of § 1692c(a)(2) Of The FDCPA –**
**Communicating With A Consumer Represented By Counsel**

29.    Plaintiff adopts and realleges ¶¶ 1-14.

30.    Section 1692c(a)(2) prohibits a debt collector from communicating with a

consumer if the debt collector knows the consumer is represented by an attorney with

respect to such debt and has knowledge of, or can readily ascertain, such attorney's

name and address.  <u>See</u>, 15 U.S.C. § 1692c(a)(2).

31.    Defendant was given direct, written notice, through Plaintiff's attorney

February 20, 2008 letter to Defendant that Ms. Johns was represented by an attorney in

connection with the debt at issue (Exhibit <u>C</u>).  By directly calling Ms. Johns on February

25, 2008 and sending Ms. Johns a letter dated May 7, 2008 (Exhibit D), despite notice

that she was represented by counsel in connection with the debt, Defendant violated §

1692c(a)(2) of the FDCPA.

32.    Defendant's violation of § 1692c(a)(2) of the FDCPA renders it liable for

actual and statutory damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C.

§ 1692k.

## PRAYER FOR RELIEF

Plaintiff, Featherway R. Johns, prays that this Court:

1.    Declare that Defendant's debt collection practices violated the FDCPA;

2.    Enter judgment in favor of Ms. Johns, and against Defendant, for actual

and statutory damages, costs, and reasonable attorneys' fees as provided by §

1692k(a) of the FDCPA; and,

3.    Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Featherway R. Johns, demands trial by jury.

Featherway R. Johns,


By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated:  May 13, 2008

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com



THE FITZGERALD LAW FIRM, PC

P O BOX 3628
ALPHARETTA, GEORGIA 30023
FORWARDING ADDRESS REQUESTED

Donald P. Fitzgerald, President
Georgia Bar No 277712
Florida Bar No 92800 F



**FEATHERWAY R JOHNS**
~~███████████~~
~~████~~ IL ~~██████~~

08 cv 2772
JUDGE DOW, JR.
MAGISTRATE JUDGE KEYS

**January 18, 2008**

Re:    Notice of Assignment of Student Loan Account

CUSTOMER ID: ~~██████~~

| ORIGINAL CREDITOR: | ACCOUNT #: | PAYMENT DUE: |
|---|---|---|
| HIBERNIA NATIONAL BANK | ~~████~~ | $5,906.73 |

**Dear FEATHERWAY R JOHNS:**

Your student loan is in a default status and the outstanding balance is now due in full. This law firm represents , who is the holder of your student loan account, and we have been retained to resolve the balance reported as being owed.

We understand how people may h ve financial difficulties. It is in your best interest to make arrangements to repay your student loan. As of the date of last interest, the balance on your account is $5,906.73, inclusive of interest. As a benefit to you, we have reduced your annual interest rate to 6.0%, for purposes of collection.

If you are suffering financial hardship we will work with you to arrange a payment plan or a discounted settlement of your loan balance.

You may resolve this matter and contact our office, toll-free, at 1-877-475-7617. Our Account Managers can help you find a solution to this problem and get you back on track.

This letter is an attempt to collect a debt by a debt collector, and any information obtained will be used for that purpose. Please read the reverse side of this letter for additional, important information regarding your rights.

You may call us at **1-877-475-7617.**

Sincerely,

SSN: ~~████████~~
Date of Birth: ~~██████~~
Original Lender: HIBERNIA NATIONAL BANK
School Name: TULANE UNIVERISTY
First Disbursement Date: 11-09-90
Principal Owed: $3,156.25
Accrued Interest Owed: $2,750.48
Other Charges Owed: $0.00

Donald P. Fitzgerald
President

**NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION.**

# Toll Free (877) 475-7617

**EXHIBIT**
**A**

# The Fitzgerald Law Firm, PC

DONALD P. FITZGERALD, PRESIDENT
GEORGIA BAR NO. 277712
FLORIDA BAR NO. 928003

| Original Creditor | Original Creditor Number | Account Balance Due |
|---|---|---|
| HIBERNIA NATIONAL BANK | ▬▬▬▬ | $ 5,905.69 |

| Customer Number |
|---|
| ▬▬▬▬ |

08 cv 2772
JUDGE DOW, JR.
MAGISTRATE JUDGE KEYS

## SETTLEMENT OFFER!!!

Dear FEATHERWAY R JOHNS,

**USE YOUR TAX REFUND TO RESOLVE THIS OBLIGATION!**

We will accept payment in the amount of $4,724.55 to settle your HIBERNIA NATIONAL BANK account for less than the full balance. This settlement offer is good until 2/6/2008. If payment of the agreed amount is not received by this date, the offer is null and void.

**If you cannot pay by this date you must call us immediately!**

This offer is an opportunity to resolve your account at a significant discount, however, you must contact this office by 2/6/2008 to discuss arrangements to resolve this account.

If you have any questions, please call us toll free at (877) 475-7617.

Regards,

The Fitzgerald Law Firm, PC

FDCPA Notice: This letter is from a debt collector. This is an attempt to collect a debt and any information obtained may be used for that purpose.

Customer ID: ▬▬

✂ Detach Bottom Portion And Return With Payment ✂

P.O. BOX 1469
TROY MI 48099-1469
RETURN SERVICE REQUESTED

| Account Number: | Account Balance Due: |
|---|---|
| ▬▬▬▬ | $ 5,905.69 |
| Payment Amount Enclosed: | $ |



FEATHERWAY R JOHNS
▬▬▬▬ IL ▬▬▬▬

THE FITZGERALD LAW FIRM, PC
P.O. BOX 3628
ALPHARETTA GA 30023-3628

**EXHIBIT**

B

February 1, 2008



THE LAW FIRM OF

# PHILIPPS & PHILIPPS, LTD.

**David J. Philipps**
**Mary E. Philipps**
_____
**Bonnie C. Dragotto**

08 cv 2772
JUDGE DOW, JR.
MAGISTRATE JUDGE KEYS

February 20, 2008

**VIA FAX: (770) 521-1220**
**AND U.S. MAIL**
Donald P. Fitzgerald, President
The Fitzgerald Law Firm, P.C.
3025 Windward Place Drive
Suite 195
Alpharetta, Georgia 30005-8728

RE:    Featherway R. Johns, Hibernia National Bank, Account Number ▇▇▇▇▇
       Customer Number ▇▇▇▇▇▇

Dear Mr. Fitzgerald:

Please be advised that we represent Featherway R. Johns regarding your firm's attempts to collect the above-referenced debt, allegedly owed originally to Hibernia National Bank. We hereby demand that you immediately cease contacting our client regarding this debt. Moreover, on behalf of our client, we hereby dispute the validity of this debt and demand validation of the same. In light of our client's dispute of this debt, we also ask that you provide us with a copy of our client's payment history as to this debt.

Lastly, we understand that your firm's initial collection letter, detailing our client's right to dispute this debt, was a letter dated January 18, 2008. Since that letter does not state the *current* creditor, we ask that you provide us with the name of the current creditor. If, however, the January 18, 2008 collection letter was not your firm's initial written communication regarding the above-referenced debt, we ask that you provide us with a copy of the initial collection letter your firm sent to our client.

Very truly yours,

*Bonnie C. Dragotto*

Bonnie C. Dragotto

CC:    Featherway R. Johns

**EXHIBIT**
**C**

9760 South Roberts Road, Suite One, Palos Hills, Illinois 60465
708.974.2900  Fax 708.974.2907
www.philippsconsumerlaw.com

| Transaction Report | | | | | | |
|---|---|---|---|---|---|---|
| Send | | | | | | |
| Transaction(s) completed | | | | | | |
| No. | TX Date/Time | Destination | | Duration | P.# | Result | Mode |
| 400 | FEB-20  15:30 | 7707524149 | | 0°00'24" | 001 | OK | N  ECM |

THE LAW FIRM OF



## PHILIPPS & PHILIPPS, LTD.

David J. Philipps
Mary E. Philipps
___
Bonnie C. Dragotto

February 20, 2008

**VIA FAX: (770) 521-1220**
**AND U.S. MAIL**
Donald P. Fitzgerald, President
The Fitzgerald Law Firm, P.C.
3025 Windward Place Drive
Suite 195
Alpharetta, Georgia 30005-8728

RE:    Featherway R. Johns, Hibernia National Bank, Account Number ▮▮▮▮▮
           Customer Number ▮▮▮▮▮

Dear Mr. Fitzgerald:

Please be advised that we represent Featherway R. Johns regarding your firm's attempts to collect the above-referenced debt, allegedly owed originally to Hibernia National Bank. We hereby demand that you immediately cease contacting our client regarding this debt. Moreover, on behalf of our client, we hereby dispute the validity of this debt and demand validation of the same. In light of our client's dispute of this debt, we also ask that you provide us with a copy of our client's payment history as to this debt.

Lastly, we understand that your firm's initial collection letter, detailing our client's right to dispute this debt, was a letter dated January 18, 2008. Since that letter does not state the *current* creditor, we ask that you provide us with the name of the current creditor. If, however, the January 18, 2008 collection letter was not your firm's initial written communication regarding the above-referenced debt, we ask that you provide us with a copy of the initial collection letter your firm sent to our client.

Very truly yours,

# THE FITZGERALD LAW FIRM, PC

DONALD P. FITZGERALD, PRESIDENT
GEORGIA BAR No. 277712
FLORIDA BAR No. 928003



| HIBERNIA NATIONAL BANK | | $ 5,948.75 |
|---|---|---|

08 cv 2772

JUDGE DOW, JR.

MAGISTRATE JUDGE KEYS

**Dear FEATHERWAY R JOHNS,**

The account or accounts referenced above have been sold by the original creditor or its assignee to , This law firm represents , and has been retained to resolve the balance reported as being owed to our client. At this time, you have failed to commence repayment of this undisputed debt despite previous correspondence and communication from this firm. Your refusal to take proper measures to resolve this debt may subject you to further collection action by this firm. As of the date of this letter, the balance on your account is **$5,948.75.**

You may pay this debt in full by enclosing a check, money order, or certified funds with the payment coupon below. Otherwise, contact this office toll-free at 1-877-475-7617 referencing your Customer ID listed below to speak with an account manager about your loan. Failure to do either will result in the continuation of collection activities. Please note that as of the date of this letter, no decision has been made on whether a suit would be filed.

If you do not contact this office to discuss this matter or remit a payment on your account, this office shall proceed with collection efforts as indicated above.

Sincerely,

Donald P. Fitzgerald
President

*This is an attempt to collect a debt and any information obtained will be used for that purpose.*
*This communication is from a debt collector.*

Customer ID:

**NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

✂ Detach Bottom Portion And Return With Payment ✂

PO BOX 1469
TROY MI 48099-1469
RETURN SERVICE REQUESTED

| Customer Id: | Total Payment Due: |
|---|---|
| | $ 5,948.75 |
| Payment Amount Enclosed: $ | |



FEATHERWAY R JOHNS

THE FITZGERALD LAW FIRM, PC
PO BOX 3628
ALPHARETTA GA 30023-3628



EXHIBIT
D

May 7, 2008

THE FITZGERALD LAW FIRM, PC IS A LAW FIRM ACTING AS A DEBT COLLECTOR AS DEFINED UNDER THE FAIR DEBT COLLECTIONS PRACTICES ACT. THIS LETTER IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

IF YOU NOTIFY THE FITZGERALD LAW FIRM IN WRITING THAT: (I) YOU WISH THE FITZGERALD LAW FIRM TO CEASE CONTACT WITH YOU BY TELEPHONE AT YOUR RESIDENCE OR PLACE OF EMPLOYMENT, THEN NO SUCH FURTHER CONTACT BY TELEPHONE SHALL BE MADE; (II) YOU REFUSE TO PAY THE DEBT OR REQUEST THE FITZGERALD LAW FIRM TO CEASE FURTHER COMMUNICATION WITH YOU, THEN THE FITZGERALD LAW FIRM SHALL NOT COMMUNICATE WITH YOU WITH RESPECT TO SUCH DEBT, EXCEPT FOR A WRITTEN COMMUNICATION: (A) TO ADVISE YOU THAT FURTHER EFFORTS ARE BEING TERMINATED; (B) TO NOTIFY YOU THAT THE FITZGERALD LAW FIRM OR THE CREDITOR MAY INVOKE SPECIFIED REMEDIES WHICH ARE ORDINARILY INVOKED BY THE FITZGERALD LAW FIRM OR THE CREDITOR; (C) WHERE APPLICABLE, TO NOTIFY YOU THAT THE FITZGERALD LAW FIRM OR THE CREDITOR INTEND TO INVOKE A SPECIFIED REMEDY PERMITTED BY LAW. IF YOUR WRITTEN NOTICE CONCERNING (I) AND (II) ABOVE IS MADE BY MAIL, NOTIFICATION SHALL BE COMPLETE UPON THE FITZGERALD LAW FIRM'S RECEIPT. IF YOU ORALLY INFORM THE FITZGERALD LAW FIRM OF (I) AND / OR (II) ABOVE, THE FITZGERALD LAW FIRM SHALL ADVISE YOU THAT SUCH COMMUNICATION MUST BE MADE IN WRITING. THE INFORMATION CONTAINED IN THIS PARAGRAPH IS REQUIRED TO APPEAR IN OUR COMMUNICATION WITH YOU.

AS A COLLECTION LAW FIRM, AN ATTORNEY HAS ACTIVELY REVIEWED THIS DEBT AND CORRESPONDENCE FOR COMPLIANCE WITH THE FAIR DEBT COLLECTIONS PRACTICES ACT (FDCPA) AND RIGHTS CONSUMERS MAY HAVE UNDER STATE AND FEDERAL LAW. IF A DIGITIZED SIGNATURE HAS BEEN USED TO SIGN THIS LETTER IT HAS BEEN AUTHORIZED BY THE NAMED ATTORNEY AND SHALL REPRESENT SATISFACTORY REVIEW AND APPROVAL OF THE LETTER.

NOTE: THE ABOVE INFORMATION IS NOT INTENDED TO BE A COMPLETE LIST OF RIGHTS CONSUMERS MAY HAVE UNDER STATE AND FEDERAL LAW.

| OFFICE HOURS: | Monday through Thursday | 8:00AM - 12:00 Midnight |
|---|---|---|
| | Friday | 8:00AM - 5:00PM |
| | Saturday | 8:00AM - 1:00PM |
| | Sunday | 6:00PM - 10:00PM |
| | (All times are Eastern) | |